**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELUIS MORALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAREN CRIBBS, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00591 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Joseluis Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on March 8, 2013, in the United States Court for the Northern District of California. The action was transferred to this Court on April 24, 2013. Plaintiff names Kern Valley State Prison ("KVSP") appeals coordinators Karen Cribbs, N. Pana and E. Henry, and California Department of Corrections and Rehabilitations director Matthew Cate as Defendants.[1]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 28, 2013.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at KVSP, where the events at issue occurred.

Plaintiff is serving a 29 years to life sentence based on a plea deal entered when he was a minor, though tried as an adult.  Plaintiff believes that he received ineffective assistance of counsel during his trial

Plaintiff was placed in custody in December 1999.  After not hearing from counsel regarding his appeal, Plaintiff began attempting to perform legal research while housed at the Los Angeles County State Prison.

Plaintiff was transferred to Salinas Valley State Prison in August 2001.  In April 2003, he was given physical access to the law library, but could only use the Penal Code.

In December 2003, Plaintiff was transferred to the Secured Housing Unit at Pelican Bay State Prison.  He had to use a paging system to access legal materials and could only access the law library if he had a 30 day court deadline.

In March 2005, Plaintiff was released back into the general population.  If Plaintiff did not have a 30 day deadline, he was only allowed physical access to the law library once a month.

In October 2008, Plaintiff received information from the Human Rights Watch regarding a treaty that applied to him, based on his trial as an adult for a juvenile offense.  Plaintiff tried to research the treaty, but there were no treaty publications in the law library.  He filed a state habeas action immediately to raise the issue.  The petition was denied.

Plaintiff then filed his habeas petition in federal court.  Plaintiff states that he was time-barred, and cert was denied on March 19, 2012.  During the period that Plaintiff was litigating his federal habeas petition, he was on lockdown.  Until September 2012, Plaintiff only had access to the paging system and could not access the inmate computer.

Within 30 days of the denial, Plaintiff filed an inmate appeal, alleging that he was actually injured by the denial of access to the courts.  On April 16, 2012, Defendant Cribbs screened out Plaintiff's appeal for failure to state specific facts.

Plaintiff objected and his appeal was again screened out on May 3, 2012, because he failed to show that he attempted to resolve the issue at the informal level.  On May 7, 2012, Plaintiff objected.  On May 18, 2012, Defendant Pana screened out the appeal because Plaintiff failed to exhaust at the informal level.

Plaintiff then filed for an informal review, and on June 13, 2012, the prison law library supervisor confirmed that the library did not have the treaty publications.

1      On June 14, 2012, Plaintiff re-filed the appeal with the informal response.  Defendant Henry
2 screened out the appeal, stating that the appeal was not received until June 22, 2012, and was
3 therefore time-barred.

4      On July 1, 2012, Plaintiff objected to the screen-out, contending that he filed the appeal the
5 next day and had no control over the institutional mail.  On July 6, 2012, Defendant Henry canceled
6 the appeal and notified Plaintiff that if he resubmitted the appeal, he would be placed on restriction.

7      On December 17, 2012, Plaintiff filed for leave to file a second federal habeas petition to
8 raise an actual innocence claim, among others.  The application was denied by the Ninth Circuit
9 Court of Appeals on January 25, 2013.  Plaintiff alleges that the research supporting the second
10 petition had taken him years because he had to rely on the paging system.

11      Based on these facts, Plaintiff contends that Defendants Cribbs, Pana and Henry entered into
12 a conspiracy to retaliate against him for exercising his right to file inmate grievances.  He believes
13 that the Defendants continued to screen out his grievances based on inapplicable, or nonexisting,
14 regulations.  Defendants later threatened him with restrictions if he continued to file.

15      Plaintiff contends that Defendant Cate is liable for the actual injury suffered because of his
16 inability to file a timely habeas petition and use the grievance system without retaliation.

17 **C.     DISCUSSION**
18      1.     Defendant Cate
19      Under section 1983, Plaintiff must link the named defendants to the participation in the
20 violation at issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011,
21 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v.
22 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

23      Liability may not be imposed on supervisory personnel under the theory of *respondeat*
24 *superior*, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones,
25 297 F.3d at 934, and as an administrator, Defendant Cate may only be held liable if he "participated
26 in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v.
27 List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir.
28 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Some culpable action or inaction must be attributable to Defendant, and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Here, Plaintiff's allegations against Defendant Cate are based on his belief that Cate is liable for Plaintiff's inability to timely file a habeas petition and to use the prison grievance system. Plaintiff fails to demonstrate, however, that Defendant Cate was either personally involved in the alleged deprivation, or knew of the alleged deprivation and failed to prevent it. In fact, Plaintiff alleges no facts to connect Defendant Cate to any of his allegations.

Thus, Plaintiff fails to state a claim against Defendant Cate based on supervisory liability.

2.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Prisoner have a protected right to file prison grievances. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that Defendants Cribbs, Pana and Henry retaliated against him by inappropriately screening-out or denying his administrative appeals. He contends that he was

retaliated against for his prior appeal relating to his access to courts claim.  Plaintiff also alleges that the threat of restriction had a chilling effect.

However, Plaintiff fails to state sufficient facts to connect the alleged improper decisions to his prior appeal(s).  A retaliation claim requires Plaintiff to show that the adverse actions were taken <u>because of</u> his protected conduct.  While he alleges adverse action, he fails to allege any facts to demonstrate that Defendants Cribbs, Pana or Henry denied the appeals <u>because of</u> Plaintiff's prior appeals.  Plaintiff only offers his conclusory belief, but this is insufficient under Rule 8.  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  <u>Id</u>.

Moreover, Plaintiff alleges retaliation only in the context of a conspiracy.  To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  <u>Avalos v. Baca</u>, 596 F.3d 583, 592 (9th Cir. 2010); <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff fails to allege any facts to show the existence of an agreement or meeting of the minds amongst Defendants Cribb, Pana and Henry.  He therefore fails to state a conspiracy claim against them.  He will be permitted to amend as explained below.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint, as Plaintiff may be able to cure some of the deficiencies.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

    Accordingly, it is HEREBY ORDERED that:

    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

    4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **December 4, 2013**              /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE