# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELUIS MORALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAREN CRIBBS, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-00591 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Document 13) |

Plaintiff Joseluis Morales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on March 8, 2013, in the United States District Court for the Northern District of California. The action was transferred to this Court on April 24, 2013.[1]

On May 23, 2014, the Court dismissed Plaintiff's First Amended Complaint ("FAC") without leave to amend and entered judgment.

Plaintiff filed the instant motion to alter or amend the judgment on June 25, 2014.[2] Plaintiff contends that the Court made clear errors or law and fact in dismissing his FAC.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 28, 2013.

[2] The motion was signed on June 15, 2014, making it timely under Federal Rule of Civil Procedure 59(e).

1

**DISCUSSION**

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir.1999) (internal citation omitted).

    1.    Access to Courts

In the order finding that Plaintiff failed to state a claim, the Court determined that Plaintiff failed to show that the lack of a treaty publication was the proximate cause of the denial of his habeas petition. The Court explained, in part:

> Plaintiff has been incarcerated since 1999. He states that he learned of the treaty issue in October 2008, and tried to research it before immediately filing a state habeas petition. Plaintiff filed a federal habeas action in June 2009 and it was denied as time-barred in July 2011. There cannot be a finding of proximate cause when, for the first nine years of Plaintiff's incarceration, the law library did not have materials on a claim that he did not know existed.

Plaintiff's motion is based on his belief that because the Treaty Convention on the Rights of the Child has never been available in prison law libraries, he was prevented from discovering that the treaty prohibited his trial as an adult for a first time juvenile defense. As a result, Plaintiff contends that he suffered an actual injury because he could not raise the claim.

Plaintiff's argument is unavailing. While Plaintiff may disagree with the Court's ruling, the Court did not commit clear error. The Court understands Plaintiff's argument that without the treaty, he could not have discovered the potential claims. However, as the Court explained, there cannot be a finding of proximate cause when a period of nine years had passed.

As to Plaintiff's access to the court claim related to his claim of actual innocence, the Court determined that his claims were based on general law library deficiencies, and that such deficiencies alone do not state a claim for relief. In this motion, however, Plaintiff fails to present any arguments that were not addressed by the Court in the prior order.

2. <u>Defendants Cate and Doe</u>

The Court found that Plaintiff failed to allege a sufficient link between Defendants Cate and Doe and the alleged law library deficiencies.

In his motion, Plaintiff continues to cite to their "fiduciary duty" to create and carry out prison regulations. The Court addressed this argument in the order dismissing his complaint, and it need not do so again here. The fact remains that Plaintiff fails to show that Defendants Cate and Doe "participated in or directed the violations, or knew of the violations and failed to act to prevent them," <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), and he cannot state a claim against them.

3. <u>Retaliation</u>

As with Plaintiff's prior claims for relief, the Court found that his allegations were too general to demonstrate that adverse actions were taken *because of* his protected conduct. Plaintiff's circumstantial evidence was based simply on his theory that the appeals were improperly screened out because of his challenge related to the treaty issue. The Court also explained that although Plaintiff may disagree with the appeal decisions, it does not necessarily mean that the decisions were either improper or made in bad faith.

In this motion, Plaintiff contends that the screen outs were "pretextual" because he was following the regulations in filing the treaty appeal, and that the warning to discontinue frivolous appeals had a chilling effect. The Court does not disagree that a warning can have a chilling effect, but Plaintiff's connection between his appeal and the adverse action continues to be insufficient.

**ORDER**

Plaintiff's motion to alter or amend the May 23, 2014, judgment is DENIED.

IT IS SO ORDERED.

Dated: **July 9, 2014**    /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE

3